UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ELAINE L. CHAO, <br> Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> FRYE ELECTRIC COMPANY, <br><br> Defendant. | FILE NO. <br><br> 3:05-CV98-k |

### J U D G M E N T

This cause came for consideration upon Plaintiff's motion, and Defendant Frye Electric Company consents to the entry of this Judgment, without further contest. It is, therefore, ORDERED, ADJUDGED and DECREED that Defendant, its agents, servants, employees and all persons in active concert or participation with Defendant who receive actual notice hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

They shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for

1

commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendant hereby is restrained from withholding payment of back wages in the total amount of $143,378.75 due employees for the periods of employment and in the amounts indicated with respect to each, as set forth in Schedule "A" attached hereto, plus post-judgment interest thereon. The private rights, under the Act, of any employee of Defendant not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

To comply with this provision of this Judgment Defendant shall deliver to the Plaintiff separate cashier's or certified checks, or money orders payable to "Wage and Hour Division—Labor," quarterly payments, as follows:

| AMOUNT | ON OR BEFORE |
| --- | --- |
| $47,792.92 | March 30, 2007 |
| $8466.21 | June 30, 2007 |
| $8466.21 | September 30, 2007 |
| $8466.21 | December 30, 2007 |
| $8466.21 | March 30, 2008 |
| $8466.21 | June 30, 2008 |

2

| Amount | Date |
|---|---|
| $8466.21 | September 30, 2008 |
| $8466.21 | December 30, 2008 |
| $8466.21 | March 30, 2009 |
| $8466.21 | June 30, 2009 |
| $8466.21 | September 30, 2009 |
| $8466.21 | December 30, 2009 |
| $8466.38 | March 30, 2010 |

Defendant also shall provide Plaintiff with a schedule showing its employer I.D. number and the last-known address and social security number as to each employee listed on Schedule "A".

Plaintiff, thereupon, shall distribute the proceeds of such checks, less deductions for federal income taxes and employee contributions to F.I.C.A., as required by law, to the named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts. Defendant shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder. It is

3

FURTHER ORDERED that in the event of default by the Defendant in the payment of any of the above-recited installments, the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full. Defendant shall be deemed to be in default if Plaintiff has not received a payment within 20 days after the last day on which it is due. It is

FURTHER ORDERED that each party shall bear such other of its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This 13th day of February, 2007.

*Graham C. Mullen*
GRAHAM C. MULLEN
UNITED STATES DISTRICT JUDGE

Defendant consents to entry
of the foregoing Judgment:

*Stephen J. Dunn*
Stephen J. Dunn
N.C. State Bar No. 25796
Attorney for Defendant

VAN HOY, REUTLINGER, ADAMS &
  DUNN
737 East Boulevard
Charlotte, NC 28203
(704) 375-6022
(704) 375-6024 (FAX)
Sdunn-vrad@carolina.rr.com

Plaintiff moves for entry of
the foregoing Judgment:

JONATHAN L. SNARE
Acting Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel

By: *Amy R. Walker*
    AMY R. WALKER
    Attorney
    Georgia Bar No. 731180
    ATL.FEDCOURT@dol.gov

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303
(404) 302-5435
(404) 302-5438 (FAX)
Attorneys for Plaintiff

5